STATE OF MAINE
CUMBERLAND, ss.

CHRIS HOPKINS,

Plaintiff

v.

MARY MAYHEW, Commissioner,
Department of Health and Human Services,

Defendant

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-424
TDW -Cum - 2/14/2014

ORDER

STATE OF
Cumberland, ss, Clerk's Office

FEB 18 2014

RECEIVED

Before the court is motion for judgment on the pleadings filed by defendant Mary Mayhew, Commissioner of the Department of Health and Human Services (DHHS).

After that motion was filed, plaintiff Chris Hopkins moved for summary judgment. Counsel for the Commissioner has requested that further briefing on the motion for summary judgment be stayed until the motion for judgment on the pleadings is decided.

Hopkins is a parent alleged to have abused or neglected his child and is a party in a child protection case brought by DHHS pursuant to 22 M.R.S. § 4001 et seq. Complaint ¶ 3. As part of DHHS efforts to explore reunification with parents in child protection proceedings, DHHS engages in meetings with parents and parents' treatment providers, known as family team meetings. 22 M.R.S. § 4041(1-A)(4); Complaint ¶ 5-6. Hopkins alleges that family team meetings frequently include discussions relating to substance abuse, child abuse and neglect, and other sensitive subjects. Complaint ¶ 7.

Hopkins alleges that in August 2013 he was informed that Commissioner Mayhew would attend his next family team meeting. Complaint ¶ 12. He alleges that the Commissioner did not attend the meeting in question, but he alleges that he was informed that the Commissioner believes she has the right to attend family team meetings in child protection cases as well as other DHHS meetings. Complaint ¶ 14.

Hopkins objects to the Commissioner's attendance at family team meetings and contends that such attendance would violate his right to statutory confidentiality and his right not to have inappropriate persons at family team meetings.

### 1. Judgment on the Pleadings

A motion for judgment on the pleadings tests the sufficiency of the complaint. 2 C. Harvey, Maine Civil Practice § 12:14. For purposes of a motion for judgment on the pleadings, as on a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 759 A.2d 217.

### 2. Standing – Case or Controversy

The Commissioner's first challenge to the complaint is that, because the Commissioner did not in fact attend a family team meeting in the Hopkins case, see Complaint ¶ 14, Hopkins has not demonstrated any justiciable case or controversy. Madore v. Land Use Regulation Commission, 1998 ME 178 ¶¶ 7-8, 715 A.2d 157. Hopkins argues that there is still a possibility that the Commissioner will seek to attend a family team meeting in his case in the future. Complaint ¶ 23. However, whether a

2

complaint presents a justiciable case or controversy "must be declared upon the existing state of facts and not upon a state of facts that may or may not arise in the future." Madore v. Land Use Regulation Commission, 1998 ME 178 ¶ 7, quoting Campaign for Sensible Transportation v. Maine Turnpike Authority, 658 A.2d 213, 215 (Me. 1995).

Hopkins does not allege that the Commissioner has any specific plan to attend a future family team meeting in his case, only that he has been told that she believes she is authorized to attend all DHS meetings. Complaint ¶ 14. While Hopkins disagrees that she has that authority, that is an abstract dispute on which the court should not issue an advisory opinion. Speculation that the Commissioner might wish to attend a future family team meeting in Hopkins's case (assuming the case has not been closed) is insufficient to create a justiciable case or controversy. See Campaign for Sensible Transportation v. Maine Turnpike Authority, 658 A.2d at 215 ("hypothetical or future rights" insufficient to create justiciable case or controversy).

Perhaps anticipating this problem, the complaint alleges that Hopkins is representative of other parents who are involved in child protective cases in which the Commissioner might want to attend a family team meeting. Complaint ¶ 24. There are two problems with this argument. First, Hopkins has not brought this case as a class action. Second, there are no allegations in the complaint that the Commissioner intends to attend family team meetings on a regular basis. If there is a case in the future in which the Commissioner seeks to attend a family team meeting – and if a parent in that case objects[1] – there may be a case or controversy as to that parent. Hopkins does not have standing in this action to argue on behalf of hypothetical other parents who may

---

[1] It may be that all parents in child protective cases will share the same objection that Hopkins raises. However, it is at least possible that other parents would not object to the Commissioner's presence as a passive observer. It is also possible that a parent who is dissatisfied with the reunification efforts of DHHS might welcome an opportunity to complain to the head of the Department.

be faced in the future with the possibility of the Commissioner's attendance at a family team meeting.

### 3. Legal Sufficiency of Plaintiff's Claims

The Commissioner also contends that, on the merits, the complaint fails to state a claim. Hopkins argues that a parent in his position has a right not to have inappropriate persons at family team meetings because that will violate his right to confidentiality. The basis for this claim is 22 M.R.S. § 4008(1), which provides that DHHS records created or obtained in connection with child protective activities and the information contained in those records are confidential. That section also provides that child protection records "may only be made available to and be used by appropriate departmental personnel and legal counsel in carrying out their functions."

On its face the restriction to appropriate departmental personnel only applies to records, not presence at meetings. It is possible to argue that the provision limiting the disclosure of records should be interpreted to include presence at meetings. However, the court would be reluctant to conclude that, if the Commissioner wanted to observe a family team meeting as part of her supervisory responsibilities, she would not be an "appropriate" departmental official carrying out her functions within the meaning of § 4008(1).

Hopkins cites § 4008(3)(D), which is applicable to mandatory disclosure to "appropriate state executive or legislative officials with responsibility for child protective services" – but only without personally identifying information. Looking at the statute as a whole, however, the court has difficulty concluding that this provision is intended to restrict the Commissioner of DHHS from seeing child protection records. This is because, in the very next section of the statute, the Commissioner is expressly

4

given the discretion to disclose such records in certain specific situations. 22 M.R.S. § 4008-A. It is hard to understand how the Commissioner can have discretion to disclose child protection records if she cannot herself review the records in question.

Hopkins may be correct that the presence of the Commissioner at a family team meeting could have a adverse effect on the meeting and on the willingness of family members and their treatment providers to discuss sensitive subjects. If the Commissioner wishes to attend such a meeting, it may be advisable to see if the parent or parents object.

Whether or not the Commissioner's presence at a family team meeting would be advisable, however, the court doubts that the Commissioner's presence at such a meeting would violate a parent's statutory right of confidentiality. The court does not have to issue a final ruling on this issue because, based on the allegations in the complaint, the current dispute does not present a justiciable case or controversy.

4. Injunctive Relief

At a minimum, for the reasons set forth in section 2 above, the complaint does not establish that Hopkins is entitled to injunctive relief. At this point, while Hopkins has an abstract dispute as to the authority of the Commissioner, his complaint does not allege that he is facing the kind of imminent and irreparable harm that is a prerequisite for either permanent or preliminary injunctive relief. Windham Land Trust v. Jeffords, 2009 ME 29 ¶ 41, 967 A.2d 690.

Where injunctive relief is not available, declaratory relief can sometimes be given. However, declaratory relief is subject to the discretion of the court, and in this case the court concludes that given the apparent absence of a justiciable case or controversy, the issuance of a declaratory judgment will not serve any useful purpose.

5

See Linnehan Leasing v. State Tax Assessor, 2006 ME 33 ¶ 30, 898 A.2d 408; Eastern Fine

Paper Inc. v. Garriga Trading Co., Inc., 457 A.2d 1111, 1112-13 (Me. 1983).


The entry shall be:

Defendant's motion for judgment on the pleadings dismissing the complaint is granted. Plaintiff's motion for summary judgment is denied as moot. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February _14_, 2014

Thomas D. Warren
Justice, Superior Court

6

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

*Plaintiff*

SETH BERNER, ESO.
169 CLINTON STREET
PORTLAND, ME 04103

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

WILLIAM R. FISHER, ESO